1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
9                          NORTHERN DISTRICT OF CALIFORNIA
10                                San Francisco Division

11   TERRANCE TURNER, et al.,                    Case No. 23-cv-03544-LB
12                   Plaintiffs,                  **SCREENING ORDER**
13            v.                                  Re: ECF No. 1
14   ROSE, KLEIN & MARIAS, et al.,
15                   Defendants.
16

17                                   **INTRODUCTION**

18        The plaintiffs Terrance Turner and Christopher Martinez, who represent themselves and are

19   proceeding in forma pauperis, sued the law firm Rose, Klein & Marias, among others, for failing

20   to sue on behalf of Mr. Martinez to obtain workers' compensation benefits. The plaintiffs claim

21   violations of various federal statutes — including conspiracy under 18 U.S.C. §§ 241 and 371 and

22   fraud under 18 U.S.C. §§ 1031–32 and 1038–40 — breach of contract, and negligence.[1] Before

23   directing the United States Marshal to serve the defendants with the complaint, the court must

24   screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiffs have not plausibly

25   pleaded any claims and Mr. Turner lacks standing. This order explains the deficiencies in the

26
27   _____

28   [1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations
     are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

1    complaint and gives the plaintiffs an opportunity to file an amended complaint by September 29,

2    2023. If they do not do so, the court may reassign the case to a district judge and recommend

3    dismissal of the complaint.

4                                              **STATEMENT**

5         The complaint appears to be about Mr. Martinez's workers' compensation settlement. The

6    complaint has general allegations about his attempt to obtain workers' compensation benefits,

7    such as that the defendants failed to sue an "unnamed worker's compensation company" and failed

8    to "perform legal service[s] in accordance with . . . standards of decorum and conduct." The

9    plaintiffs allege that "law firms will not sue anyone while taking all of your money." They allege

10   generally that "[t]here is a pipeline of disservice in this country where humans cannot receive

11   service [or] the benefit alleged," and that lawyers "accept secret money . . . to not perform work."[2]

12        The plaintiffs name the following defendants (whose roles are not specified): Rose, Klein, &

13   Marias; Harry Samarghachian; Philip Jennifer McGuire; Perona, Langer, Beck, Serbin, Harrison;

14   John Dodart; United States Special Operations Command; the FBI; the CIA; the Secret Service;

15   the SEC; the DHS; Pfizer; Merck; and the USPS.[3] The plaintiffs assert a variety of claims,

16   including breach of contract, negligence, and violation of various criminal statutes.[4]

17        The plaintiffs assert federal-question jurisdiction.[5] They consented to magistrate-judge

18   jurisdiction under 28 U.S.C. § 636.[6]

19

20                                         **STANDARD OF REVIEW**

21        A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is

22   subject to a mandatory sua sponte review and dismissal by the court if it is frivolous, malicious,

23   fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

24

25   _____
     [2] *Id.*; Appl. to Proceed IFP – ECF No. 2 at 4.

26   [3] Compl. – ECF No. 1 at 2.

     [4] *Id.* at 3.

27   [5] *Id.*

28   [6] Consent Forms – ECF Nos. 6, 8.

*United States District Court*
*Northern District of California*

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to

1    state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a

2    "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to

3    dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

4    relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see*

5    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed

6    factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which

7    "requires more than labels and conclusions;" a mere "formulaic recitation of the elements of a

8    cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

9        In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily

10   limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980

11   (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable

12   inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins.*

13   *Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff]

14   can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal.*

15   *State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true

16   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

17   inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).

18       Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9

19   (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only

20   provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*,

21   413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments

22   show that he may be entitled to some relief. *Id.* at 1041.

23       When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that

24   a district court should grant leave to amend even if no request to amend the pleading was made,

25   unless it determines that the pleading could not possibly be cured by the allegation of other facts."

26   *Lopez*, 203 F.3d at 1130 (cleaned up).

27                                    **ANALYSIS**

28       The next paragraphs identify several reasons that the complaint is not viable.

United States District Court
Northern District of California

First, on the facts alleged in the current complaint, Mr. Turner does not have standing.

"The 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560). Article III requires "a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant." *Lujan*, 504 U.S. at 560–61. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo*, 136 S. Ct. at 1547.

Liberally construing the complaint, it appears that Mr. Martinez did not receive worker's compensation (or received inadequate compensation) for a workplace injury and one or more of the defendants failed to properly render legal services. But there are no allegations about Mr. Turner. In a similar and simultaneously filed case with the same two plaintiffs against Mr. Martinez's employer, another court in this district noted:

> It appears that Turner may also be seeking to bring claims on behalf of Christopher Martinez, who he refers to as a "Co-Plaintiff." However, "[i]n order to have the prudential standing to invoke the power of the courts, a plaintiff 'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Kulberg v. Washington Mut. Bank*, 2011 WL 13356113, at *2 (S.D. Cal. June 20, 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). This concept is also reflected in the Federal Rule of Civil Procedure 17(a)(1), which states that "[a]n action must be prosecuted in the name of the real party in interest." In other words, Turner may not bring claims on behalf of Martinez. If Martinez has claims that he seeks to have adjudicated as part of this case, he must bring them on his own as a named plaintiff in the amended complaint.[7]

Similarly here, Mr. Turner has not explained any harm he suffered himself. It appears that Mr. Turner does not have standing to sue and Mr. Martinez should be the only named plaintiff.

Second, the plaintiffs claims violations of various criminal statutes, including 18 U.S.C. §§ 241, 371, 1031–32, and 1038–40. But criminal statutes do not provide private rights of action and thus do not convey federal jurisdiction. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980);

---

[7] Screening Order, *Turner v. Argo Grp.*, No. 23-cv-03542-TSH (N.D. Cal. ECF No. 7 at 3.

United States District Court
Northern District of California

*Sepehry-Fard v. Bank of N.Y. Mellon*, *N.A.*, No. 12-cv-1260-LHK, 2012 WL 4717870, at \*4 (N.D. Cal. Oct. 2, 2012).

Third, the plaintiffs assert state-law claims against law firms for breach of contract and negligence. But because the federal claims are not viable, the state claims would require that the court have diversity jurisdiction, which is not the case here.

Federal courts are courts of limited jurisdiction. *E.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The plaintiff bears the burden of proving that his case is within federal jurisdiction. *See, e.g.*, *In re Ford Motor Co./Citibank (S.D.)*, *N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

There are two ways to establish the court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Mr. Martinez is a citizen of California.[8] Mr. Turner is a citizen of Virginia.[9] The law-firm defendants are citizens of California.[10] Thus, for a federal court to have jurisdiction over the state-law claims in the absence of any federal claims, Mr. Martinez can't sue the law firms; he

---

[8] Compl. – ECF No. 1 at 1.

[9] *Id.*

[10] *Id.* at 2.

would instead have to sue them in state court. But based on the current complaint, the court lacks diversity jurisdiction.

Fourth, there are no fact allegations about the federal-agency defendants (such as the Secret Service), Pfizer, or Merck. For the plaintiffs to have viable claims against these defendants, they must explain what (if anything) these defendants did to the plaintiffs. Fed. R. Civ. P. 8(a)(2).

## CONCLUSION

This order identifies the deficiencies in the complaint that require amendment. The plaintiffs may amend the complaint by September 29, 2023. Alternatively, again by September 29, 2023, they may voluntarily dismiss the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice. If they do not amend the complaint, the court may reassign the case to a district judge and recommend that it be dismissed.

**IT IS SO ORDERED.**

Dated: September 3, 2023

LAUREL BEELER
United States Magistrate Judge